UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:05-CR-71-FtM-33DNF

TERRENCE DENMARK
_____/

**ORDER**

This cause comes before the Court pursuant to the Court's December 16, 2011, Order directing the United States Probation Office to prepare a report regarding the Defendant's eligibility for a reduction in sentencing based on the United States Sentencing Commission's retroactive lowering of the guideline sentencing range for certain crack cocaine offenses. (Doc. # 990). Upon consideration of the report and of the United States' Opposition to Sentence Reduction (Doc. # 997), the Court finds that the Defendant is not eligible for a sentence reduction.

**I.   Background**

On January 13, 2006, the Defendant pled guilty to Count One of the Superseding Indictment for Conspiracy to Distribute Five (5) Kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii), and 846. (Doc. # 350). On April 2, 2010, this Court denied the Defendant's request for a sentence reduction pursuant to 18

U.S.C. § 3582(c)(2) because the Defendant is a career offender. (Doc. # 952).

## II. **Analysis**

The United States Sentencing Commission promulgated Amendment 750 lowering the base offense level for cocaine base (crack cocaine) offenses, effective November 1, 2011. The Commission decided that Amendment 750 should be applied retroactively. Section 3582(c)(2) provides that the district court has the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines provides that a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not authorized

under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Because the Defendant's base offense level was determined based upon the career offender guidelines and not the drug quantity table, Amendment 750 does not have the effect of lowering the Defendant's applicable guideline range. Accordingly, a reduction of the Defendant's sentence is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10. See United States v. Moore, 541 F.3d 1323, 1327-30 (11th Cir. 2008) (finding defendant ineligible for a sentence reduction under section 3582(c)(2) and Amendment 706 because his guideline range was calculated pursuant to the career offender guideline). Defendant also is ineligible for a sentence reduction because he was sentenced to the statutory minimum of 240 months' imprisonment. See United States v. Mills, 613 F.3d 1070 (11th Cir. 2010) (retroactive amendments to crack cocaine guidelines are inapplicable to defendants whose sentences were based upon statutory mandatory minimum).

Furthermore, the Defendant is not entitled to relief under the Fair Sentencing Act of 2010 (FSA), which amended the mandatory minimum sentencing for crack penalties by reducing

the crack to powder cocaine ratio from 100:1 to approximately 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010). First, the Defendant would remain subject to the same 20-year enhanced statutory minimum sentence because his offense involved at least five kilograms of cocaine. Second, the FSA does not apply to the Defendant because he was sentenced before the August 3, 2010, effective date of the FSA, and the FSA is not retroactive. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011). Because the Sentencing Commission has no authority to alter statutory penalties, the FSA did not contain a provision making statutory changes retroactive but rather directed the Commission to promulgate guidelines amendments implementing the act.

Based upon the foregoing analysis, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10. Furthermore, the Defendant's sentence is not subject to reduction pursuant to the application of the FSA.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

The Defendant is not eligible for a reduction in sentence pursuant to section 3582(c)(2) because he is a career offender

and is already serving the shortest term of imprisonment permitted by statute.

**DONE** and **ORDERED** in Fort Myers, Florida, this 17th day of February, 2012.

VIRGINIA M. HERNANDEZ COVINGTON  
UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Public Defender
United States Attorney's Office
United States Probation office
Bureau of Prisons
U.S. Marshals Office
Any pro se party