UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO: 2:05-cr-71-FtM-33DNF

JARVIS ROBINSON
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Jarvis Robinson's pro se Motion for Reduction of Sentence (Doc. # 986) pursuant to 18 U.S.C. § 3582(c)(2). On November 28, 2011, the Court entered an Order directing the United States Probation Office to prepare a report regarding the Defendant's eligibility for a reduction in sentence based on the United States Sentencing Commission's retroactive lowering of the guideline sentencing range for certain crack cocaine offenses. (Doc. # 988). On November 28, 2011, the Probation Office issued a memorandum stating that Robinson is ineligible for a sentence reduction because he is serving the statutory minimum sentence.

On March 14, 2012, the Government filed a response in opposition to the Defendant's motion. (Doc. # 1001). That same day, Robinson filed an unopposed motion for leave to file a reply (Doc. # 1002), which this Court granted on March 15, 2012 (Doc. # 1003). However, on April 4, 2012, the Federal

Defender moved to withdraw as counsel so that Robinson might proceed pro se. (Doc. # 1005). The Court granted that motion on April 11, 2012, giving the Defendant until May 14, 2012, to file a response. (Doc. # 1007). To date, Robinson has not responded.

For the reasons that follow, the Court finds that Defendant Robinson is ineligible for a sentence reduction pursuant to Amendment 750 or the Fair Sentencing Act of 2010 because he was sentenced to the mandatory minimum prison term. The Court therefore denies the Motion.

## I. Background

On January 12, 2006, Robinson pled guilty to conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, and thus faced a minimum 10-year prison term. (Doc. # 328). On April 18, 2006, this Court imposed a 122-month sentence. (Doc. # 522). On June 2, 2008, the parties filed a joint stipulation agreeing that the Defendant was eligible for a reduction in sentence to a total prison term of 120 months pursuant to Amendment 715 and 18 U.S.C. § 3582(c)(2). (Doc. # 909). The Court accordingly reduced Robinson's sentence to 120 months. (Doc. # 910). Thus, Robinson is now serving the mandatory minimum sentence prescribed by statute.

## II. Analysis

The United States Sentencing Commission promulgated Amendment 750 lowering the base offense level specified in U.S.S.G. § 2D1.1 for cocaine base (crack cocaine) offenses as of November 1, 2011. The Commission decided that Amendment 750 should be applied retroactively. Section 3582(c)(2) gives the district court the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a).

However, this Court lacks the authority to reduce a statutory minimum sentence pursuant to Amendment 750. See United States v. Mills, 613 F.3d 1070, 1075-79 (11th Cir.

2010) (finding that Amendment 706 to the crack cocaine guidelines was inapplicable to defendants whose sentences were based on statutory mandatory minimums). Nothing in Amendment 750 or § 3582(c)(2) permits the Court to disregard the statutory minimum sentence. See United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997) ("Regardless of the guideline amendment, the language of the statutory minimum is clear and has been unaltered by Congress. The statute controls in the event of a conflict between the guideline and the statute."). Because Robinson is serving the mandatory minimum sentence prescribed by statute, the Court finds that he is ineligible for a sentence reduction pursuant to Amendment 750.

Furthermore, Robinson is not entitled to relief under the Fair Sentencing Act of 2010 (FSA), which amended the mandatory minimum sentencing for crack penalties by reducing the crack to powder cocaine ratio from 100:1 to approximately 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA does not apply to Robinson because he was sentenced before the August 3, 2010, effective date of the FSA, and the FSA is not retroactive. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011). Because the Sentencing Commission has no authority to alter statutory penalties, the FSA did not contain a provision making

statutory changes retroactive but rather directed the Commission to promulgate guidelines amendments implementing the act. In any event, the Defendant would remain subject to the same 10-year statutory minimum sentence after the FSA because his offense involved at least 5 kilograms of cocaine.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Jarvis Robinson's pro se Motion for Reduction of Sentence (Doc. # 986) is **DENIED**. Defendant Robinson is ineligible for a reduction in sentence pursuant to § 3582(c)(2) because he is serving the mandatory minimum sentence prescribed by statute.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>7th</u> day of June, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Public Defender
United States Attorney's Office
United States Probation office
Bureau of Prisons
U.S. Marshals Office
Any pro se party