UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO:   2:05-cr-71-FtM-33DNF

JONATHAN E. FOSTER
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Jonathan E. Foster's pro se request for sentence reduction under the Fair Sentencing Act of 2010 (Doc. # 992), filed on January 10, 2012. Also before this Court is Foster's Request for Sentence Reduction or Motion to Stay Amendment 750 Proceedings Pending the Supreme Court Decision in Dorsey/Hill (Doc. # 1008), filed on April 16, 2012.

On January 12, 2012, the Court entered an Order directing the United States Probation Office to prepare a report regarding the Defendant's eligibility for a reduction in sentence based on the United States Sentencing Commission's retroactive lowering of the guideline sentencing range for certain crack cocaine offenses. (Doc. # 983). On January 17, 2012, the Probation Office issued a memorandum stating that Foster is ineligible for a sentence reduction because he is serving the statutory minimum sentence.

On April 17, 2012, the Court entered an order deferring ruling on Foster's Motion to Stay (Doc. # 1008) and directing the United States to file a response within 10 days. (Doc. # 1009). On April 26, 2012, the Government filed a response in opposition to a reduction in sentence and to Defendant's Motion to Stay. (Doc. # 1010).

For the reasons that follow, the Court denies Defendant's request for a sentence reduction and the Motion to Stay.

I. **Background**

On January 13, 2006, Foster pled guilty to a charge of distribution of 50 grams or more of cocaine base, and thus faced a minimum 10-year prison term. (Doc. # 349). On April 13, 2006, this Court imposed a 124-month sentence. (Doc. # 506, 524). On April 17, 2008, the Court entered a sua sponte order reducing Foster's sentence to 120 months pursuant to the 2008 amendment to the cocaine base sentencing guidelines. (Doc. # 901). Thus, Foster is now serving the mandatory minimum sentence prescribed by statute.

II. **Analysis**

The United States Sentencing Commission promulgated Amendment 750 lowering the base offense level specified in U.S.S.G. § 2D1.1 for cocaine base (crack cocaine) offenses as of November 1, 2011. The Commission decided that Amendment 750

should be applied retroactively. Section 3582(c)(2) gives the district court the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a).

However, this Court lacks the authority to reduce a statutory minimum sentence pursuant to Amendment 750. See United States v. Mills, 613 F.3d 1070, 1075-79 (11th Cir. 2010) (finding that Amendment 706 to the crack cocaine guidelines was inapplicable to defendants whose sentences were based on statutory mandatory minimums). Nothing in Amendment 750 or § 3582(c)(2) permits the Court to disregard the statutory minimum sentence. See United States v. Eggersdorf,

126 F.3d 1318, 1320 (11th Cir. 1997) ("Regardless of the guideline amendment, the language of the statutory minimum is clear and has been unaltered by Congress. The statute controls in the event of a conflict between the guideline and the statute."). Because Foster is serving the mandatory minimum sentence prescribed by statute, the Court finds that he is ineligible for a sentence reduction pursuant to Amendment 750.

Furthermore, Foster is not entitled to relief under the Fair Sentencing Act of 2010 (FSA), which amended the mandatory minimum sentencing for crack penalties by reducing the crack to powder cocaine ratio from 100:1 to approximately 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA does not apply to Foster because he was sentenced before the August 3, 2010, effective date of the FSA, and the FSA is not retroactive. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011).

Because the Sentencing Commission has no authority to alter statutory penalties, the FSA did not contain a provision making statutory changes retroactive but rather directed the Commission to promulgate guidelines amendments implementing the act. As noted above, nothing in Amendment 750 permits the Court to disregard the statutory minimum sentence. The Court

therefore denies Foster's request for a sentence reduction pursuant to the FSA.

Foster seeks to stay these proceedings pending the Supreme Court's decision in <u>United States v. Dorsey</u>, 635 F.3d 336 (7th Cir. 2011), cert. granted, 132 S. Ct. 759 (2011), which has been consolidated with <u>United States v. Hill</u>, 417 F. App'x 560 (7th Cir. 2011), cert granted, 132 S. Ct. 759 (2011) ("Dorsey/Hill"). The Government argues that a stay is unwarranted because Dorsey/Hill involves the applicability of the FSA to defendants sentenced after the FSA's effective date regardless of when they committed their crimes. The Supreme Court will not address whether the FSA applies to defendants such as Foster who were sentenced before the effective date.

The Court agrees with the Government. The issue before the Supreme Court is whether the FSA applies in sentencing proceedings after the effective date of the act. The outcome would not affect <u>Gomes</u>, 621 F.3d at 1346, which remains binding precedent in the Eleventh Circuit. The Court therefore denies the Motion to Stay.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Jonathan E. Foster's pro se request for sentence reduction under the Fair Sentencing Act of 2010 (Doc. # 992)

is **DENIED**. Foster's Request for Sentence Reduction or Motion to Stay Amendment 750 Proceedings Pending the Supreme Court Decision in Dorsey/Hill (Doc. # 1008) is also **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 20th day of June, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Public Defender
United States Attorney's Office
United States Probation office
Bureau of Prisons
U.S. Marshals Office
Any pro se party